UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:                                                                      Case No. 1-09-50854-dem

FLOYD D. BRADLEY,                                                Chapter 13

                    Debtor.
----------------------------------------------------------x

## DECISION AND ORDER GRANTING APPLICATION
## TO EXTEND THE AUTOMATIC STAY

           In this Chapter 13 proceeding, Floyd D. Bradley (the "debtor") has filed an application for the issuance of an order extending the automatic stay pursuant to Section 362(c)(3)(A) of the Bankruptcy Code (the"Application"). For the reasons set forth below, the Application is granted.

           The facts underlying the Application are not in dispute. This is the debtor's second petition in bankruptcy. On November 14, 2007, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Case No.: 1-07-46270-dem (the "First Case"). On August 7, 2009 the Chapter 13 case Trustee filed an application for an Order dismissing the First Case. On September 23, 2009, the First Case was dismissed. On October 7, 2009, the Court entered an Order dismissing the First Case and on October 27, 2009 the First Case was closed.

           On December 10, 2009, the debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. Case No.: 1-09-50854-dem (the "Second Case"). On December 28, 2009, the debtor filed the Application, which, as described above, seeks an Order extending the automatic stay of Section 362 of the Bankruptcy Code.

           Section 362(c)(3) governs the applicability of the automatic stay under the

circumstances presented in this case. Section 362(c)(3)(A) provides in pertinent part:

> (c) Except as provided in subsections (d), (e), (f) and (h)
> of the section --
>
> (3) if a single ... case is filed by ... a debtor who is an individual
> in a case under chapter ... 13, and if a single ... case of the debtor
> was pending within the preceding 1-year period but was
> dismissed [.].. --
>
> (A) the stay under subsection (a) with respect to any act taken
> with respect to a debt or property securing such debt ... shall
> terminate with respect to the debtor on the 30th day after the
> filing of the later case [.]

Thus, Section 362(c)(3)(A) provides that the automatic stay came into effect on the date of the filing of the Second Case. However, Section 362(c)(3)(A) provides that this stay shall terminate on the 30th day after the filing of the Second Case; here, that would mean that the automatic stay must terminate on January 11, 2010, unless otherwise extended.

As noted above, on December 28, 2009, the debtor filed an application to extend the automatic stay. Section 362(c)(3)(B) allows the Court to extend the stay in particular cases and provides in pertinent part:

> (B) on the motion of a party in interest for continuation of the
> automatic stay and upon notice and a hearing, the court may
> extend the stay in particular cases as to any and all
> creditors ... after notice and a hearing completed before the
> expiration of the 30-day period only if the party in interest
> demonstrates that the filing of the later case is in good faith
> as to the creditors to be stayed.

Although the Application provided less than ideal notice to meet the statute's

requirement of "notice and a hearing"[1], See In re Taylor, 334 B.R. 660 (Bankr. D. Minn. 2005), the Application is granted. The Application listed the creditor(s) against whom extension of the automatic stay was sought, and contained an affidavit of changed circumstances which established the petition was filed in good faith.

The Application is granted , and the automatic stay is extended for the duration of this case, pending further Order of the Court.

IT IS SO ORDERED.

Dated: Brooklyn, New York
       January 7, 2010

                                          S/Dennis E. Milton
                                          DENNIS E. MILTON
                                          United States Bankruptcy Judge

---

[1] Section 102(1) of the Bankruptcy Code provides in pertinent part:

> (1) "after notice and a hearing", or a similar phrase –
> (A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances [.]....